## United States Bankruptcy Court
## District of Delaware

**Voluntary Petition**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**Capmark Capital Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**N/A** |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**See attached Schedule A.** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**N/A** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>**84-0916496** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>**N/A** |
| Street Address of Debtor (No. and Street, City, and State):<br>**1801 California St., S-3900**<br>**Denver, CO**<br>ZIP CODE **80202** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**N/A**<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Denver** | County of Residence or of the Principal Place of Business:<br>**N/A** |
| Mailing Address of Debtor (if different from street address):<br>**N/A**<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>**N/A**<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**N/A**<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br>**Commercial Real Estate Financial & Other Services** | ☐ Chapter 7 ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12 ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br><br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors (Consolidated)

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets (Consolidated)

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ |

Estimated Liabilities (Consolidated)

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ |

| **Voluntary Petition** <br> *(This page must be completed and filed in every case.)* | Name of Debtor(s): <br> Capmark Capital Inc. |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location <br> Where Filed: N/A | Case Number: <br> N/A | Date Filed: <br> N/A |
|---|---|---|
| Location <br> Where Filed: N/A | Case Number: <br> N/A | Date Filed: <br> N/A |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: <br>     See attached Schedule B. | Case Number: <br> Pending | Date Filed: <br> 10/25/2009 |
|---|---|---|
| District: <br>     District of Delaware | Relationship: <br> Affiliates | Judge: <br> Pending |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br><br> ☐    Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual <br> whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> X _____ <br>      Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☑    No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

     ☐    Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

     ☐    Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

     ☐    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

     ☑    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

     ☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

     ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

                                        _____
                                        (Name of landlord that obtained judgment)

                                        _____
                                        (Address of landlord)

     ☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

     ☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

     ☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| B I (Official Form) 1 (1/08) | |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Capmark Capital Inc. |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Debtor<br><br>X _____<br>   Signature of Joint Debtor<br><br>   Telephone Number (if not represented by attorney)<br><br>   Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>   (Signature of Foreign Representative)<br><br>   (Printed Name of Foreign Representative)<br><br>   Date |
| **Signature of Attorney***<br><br>X _____<br>   Signature of Attorney for Debtor(s)<br>   Mark D. Collins<br>   Printed Name of Attorney for Debtor(s)<br>   Richards, Layton & Finger, P.A.<br>   Firm Name<br>   One Rodney Square, 920 North King St.<br>   Address<br>   Wilmington, DE 19801<br><br>   (302) 651-7700<br>   Telephone Number<br>   10/25/09<br>   Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>Address<br>_____<br><br>X _____<br><br>Date |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _Thomas L. Fairfield_<br>   Signature of Authorized Individual<br>   Thomas L. Fairfield<br>   Printed Name of Authorized Individual<br>   President<br>   Title of Authorized Individual<br>   October 25, 2009<br>   Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## Schedule A

The Debtor has used the following names during the previous eight years:

1. Newman Financial Services, Inc.
2. GMAC Commercial Holding Capital Corp.

## Schedule B

Pending Bankruptcy Cases in the District of Delaware
Filed by the Debtor and Affiliates of the Debtor

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Summit Crest Ventures, LLC | 09-_____ ( ) | October 25, 2009 |
| | **Relationship:**<br>Affiliate | **Judge:**<br>Pending |
| **Name of Debtor:**<br>Capmark Financial Group Inc. | **Case No.**<br>09-_____ ( ) | **Date Filed:**<br>October 25, 2009 |
| | **Relationship:**<br>Affiliate | **Judge:**<br>Pending |
| **Name of Debtor:**<br>Capmark Capital Inc. | **Case No.**<br>09-_____ ( ) | **Date Filed:**<br>October 25, 2009 |
| | **Relationship:**<br>Debtor | **Judge:**<br>Pending |
| **Name of Debtor:**<br>Capmark Finance Inc. | **Case No.**<br>09-_____ ( ) | **Date Filed:**<br>October 25, 2009 |
| | **Relationship:**<br>Affiliate | **Judge:**<br>Pending |
| **Name of Debtor:**<br>Commercial Equity Investments, Inc. | **Case No.**<br>09-_____ ( ) | **Date Filed:**<br>October 25, 2009 |
| | **Relationship:**<br>Affiliate | **Judge:**<br>Pending |
| **Name of Debtor:**<br>Mortgage Investments, LLC | **Case No.**<br>09-_____ ( ) | **Date Filed:**<br>October 25, 2009 |
| | **Relationship:**<br>Affiliate | **Judge:**<br>Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Net Lease Acquisition LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| Name of Debtor: | Case No. | Date Filed: |
| SJM Cap, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Capmark Affordable Equity Holdings Inc. | 09-_____ ( ) | October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Capmark REO Holding LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member AMBAC II, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member AMBAC III, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member AMBAC IV, LLC | 09-_____ ( ) | October 25, 2009 |

| | Relationship: Affiliate | Judge: Pending |
|---|---|---|
| **Name of Debtor:** Paramount Managing Member AMBAC V, LLC | **Case No.** 09-_____ ( ) | **Date Filed:** October 25, 2009 |
| | Relationship: Affiliate | Judge: Pending |
| **Name of Debtor:** Paramount Managing Member LLC | **Case No.** 09-_____ ( ) | **Date Filed:** October 25, 2009 |
| | Relationship: Affiliate | Judge: Pending |
| **Name of Debtor:** Paramount Managing Member II, LLC | **Case No.** 09-_____ ( ) | **Date Filed:** October 25, 2009 |
| | Relationship: Affiliate | Judge: Pending |
| **Name of Debtor:** Paramount Managing Member III, LLC | **Case No.** 09-_____ ( ) | **Date Filed:** October 25, 2009 |
| | Relationship: Affiliate | Judge: Pending |
| **Name of Debtor:** Paramount Managing Member IV, LLC | **Case No.** 09-_____ ( ) | **Date Filed:** October 25, 2009 |
| | Relationship: Affiliate | Judge: Pending |
| **Name of Debtor:** Paramount Managing Member V, LLC | **Case No.** 09-_____ ( ) | **Date Filed:** October 25, 2009 |
| | **Relationship:** Affiliate | **Judge:** Pending |

| Name of Debtor: Paramount Managing Member VI, LLC | Case No. 09-_____ ( ) | Date Filed: October 25, 2009 |
|---|---|---|
| | Relationship: Affiliate | Judge: Pending |
| Name of Debtor: Paramount Managing Member VII, LLC | Case No. 09-_____ ( ) | Date Filed: October 25, 2009 |
| | Relationship: Affiliate | Judge: Pending |
| Name of Debtor: Paramount Managing Member VIII, LLC | Case No. 09-_____ ( ) | Date Filed: October 25, 2009 |
| | Relationship: Affiliate | Judge: Pending |
| Name of Debtor: Paramount Managing Member IX, LLC | Case No. 09-_____ ( ) | Date Filed: October 25, 2009 |
| | Relationship: Affiliate | Judge: Pending |
| Name of Debtor: Paramount Managing Member XI, LLC | Case No. 09-_____ ( ) | Date Filed: October 25, 2009 |
| | Relationship: Affiliate | Judge: Pending |
| Name of Debtor: Paramount Managing Member XII, LLC | Case No. 09-_____ ( ) | Date Filed: October 25, 2009 |
| | Relationship: Affiliate | Judge: Pending |
| Name of Debtor: Paramount Managing Member XVIII, LLC | Case No. 09-_____ ( ) | Date Filed: October 25, 2009 |

|  | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| --- | --- | --- |
| **Name of Debtor:**<br><br>Paramount Managing<br>Member XIV, LLC | **Case No.**<br><br>09-_____ (  ) | **Date Filed:**<br><br>October 25, 2009 |
|  | **Relationship:**<br><br>Affiliate | **Judge:**<br><br>Pending |
| **Name of Debtor:**<br><br>Paramount Managing<br>Member XV, LLC | **Case No.**<br><br>09-_____ (  ) | **Date Filed:**<br><br>October 25, 2009 |
|  | **Relationship:**<br><br>Affiliate | **Judge:**<br><br>Pending |
| **Name of Debtor:**<br><br>Paramount Managing<br>Member XVI, LLC | **Case No.**<br><br>09-_____ (  ) | **Date Filed:**<br><br>October 25, 2009 |
|  | **Relationship:**<br><br>Affiliate | **Judge:**<br><br>Pending |
| **Name of Debtor:**<br><br>Paramount Northeastern<br>Managing Member, LLC | **Case No.**<br><br>09-_____ (  ) | **Date Filed:**<br><br>October 25, 2009 |
|  | **Relationship:**<br><br>Affiliate | **Judge:**<br><br>Pending |
| **Name of Debtor:**<br><br>Capmark Affordable<br>Properties Inc. | **Case No.**<br><br>09-_____ (  ) | **Date Filed:**<br><br>October 25, 2009 |
|  | **Relationship:**<br><br>Affiliate | **Judge:**<br><br>Pending |
| **Name of Debtor:**<br><br>Paramount Managing<br>Member XXIII, LLC | **Case No.**<br><br>09-_____ (  ) | **Date Filed:**<br><br>October 25, 2009 |
|  | **Relationship:**<br><br>Affiliate | **Judge:**<br><br>Pending |

| Name of Debtor: | Case No. | Date Filed: |
|---|---|---|
| Paramount Managing Member XXIV, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member 30, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member 31, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Paramount Managing Member 33, LLC | 09-_____ ( ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Broadway Street California, L.P. | 09-_____ ( ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Broadway Street 2001, L.P. | 09-_____ ( ) | October 25, 2009 |
| | Relationship: | Judge: |
| | Affiliate | Pending |
| Name of Debtor: | Case No. | Date Filed: |
| Broadway Street XV, L.P. | 09-_____ ( ) | October 25, 2009 |

| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
|---|---|---|
| **Name of Debtor:**<br><br>Broadway Street XVI, L.P. | **Case No.**<br><br>09-_____ ( ) | **Date Filed:**<br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Broadway Street XVIII, L.P. | **Case No.**<br><br>09-_____ ( ) | **Date Filed:**<br><br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Broadway Street Georgia I, LLC | **Case No.**<br><br>09-_____ ( ) | **Date Filed:**<br><br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Capmark Managing Member 4.5 LLC | **Case No.**<br><br>09-_____ ( ) | **Date Filed:**<br><br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |
| **Name of Debtor:**<br><br>Capmark Affordable Equity Inc. | **Case No.**<br><br>09-_____ ( ) | **Date Filed:**<br><br><br>October 25, 2009 |
| | Relationship:<br><br>Affiliate | Judge:<br><br>Pending |

On the date hereof, each of the affiliated entities listed above (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). A motion will be filed with the Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the number assigned to the chapter 11 case of Capmark Financial Group Inc.

# CERTIFICATE OF RESOLUTIONS OF THE BOARD OF DIRECTORS OF CAPMARK CAPITAL INC.

_October 25_, 2009

I, a duly authorized officer of Capmark Capital Inc., a Colorado corporation, (the "Company"), hereby certify that the following resolutions were duly adopted by the vote and consent of the Directors of the Company at a special meeting of the Board of Directors (the "Board") of the Company held on _October 25_, 2009 in accordance with the requirements of applicable law and that said resolutions have not been modified or rescinded and are still in full force and effect on the date hereof:

WHEREAS, the Board, after due and careful consideration of the financial situation of the Company and the Company's available alternatives, has determined that it would be desirable and in the best interests of the Company to immediately commence voluntary proceedings under title 11 of the United States Code (the "Bankruptcy Code");

NOW, THEREFORE, BE IT

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

RESOLVED, that each of the Chairman, Chief Executive Officer, President, Chief Financial Officer, General Counsel, Executive Vice Presidents, Senior Vice Presidents, Secretary, Directors, and Assistant Secretaries (each, an "Authorized Person" and collectively, the "Authorized Persons") are hereby authorized, empowered and directed, in the name, and on behalf of the Company, to execute and verify petitions, and amendments or exhibits thereto, under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware at such time or in such other jurisdiction as such Authorized Person executing the same shall determine;

RESOLVED, that the law firm of Dewey & LeBoeuf LLP be and is hereby engaged as attorneys for the Company under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

RESOLVED, that the law firm of Richards, Layton & Finger, P.A. be and is hereby engaged as local counsel for the Company under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

RESOLVED, that Lazard Frères & Co. LLC be and is hereby engaged as investment banker and financial advisor to the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

RESOLVED, that Loughlin Meghji + Company be and is hereby engaged as crisis managers to the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

RESOLVED, that Beekman Advisors, Inc. be and is hereby engaged as strategic advisor to the Company under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

RESOLVED, that KPMG LLP be and is hereby engaged as tax and accounting advisor to the Company under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

RESOLVED, that Epiq Bankruptcy Solutions, LLC be and is hereby engaged as claims and noticing agent for the Company under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval;

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to negotiate, secure and obtain a commitment for proposed debtor in possession financing to be provided by one or more banks or other institutional lenders in order to meet the Company's financing needs during the prosecution of the Chapter 11 Case;

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers or documents and to take and perform any and all further acts and deeds which he or she deems necessary, proper, or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case;

RESOLVED, that each Authorized Person, and such other officers of the Company as any Authorized Person shall from time to time designate, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to engage and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals in connection with the Chapter 11 Case, with a view to the successful prosecution of such case;

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, and to take such other action as in the judgment of such person shall be or become necessary, proper, and desirable with a view to the successful prosecution of such case;

RESOLVED, that in connection with the Chapter 11 Case, each Authorized Person, and such other officers of the Company as any Authorized Person shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to negotiate, execute, deliver, and perform or cause the performance of any notes, guarantees, security agreements, other agreements, consents, certificates, or instruments as such person considers necessary, appropriate, desirable, or advisable to effectuate borrowings or other financial arrangements, such determination to be evidenced by such execution or taking of such action;

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, and any such actions heretofore taken by any of them are hereby ratified, confirmed, and approved in all respects to: (i) negotiate, execute, deliver, and/or file any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as such officers deem appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, in the name and on behalf of the Company, as the case may be, in such form and substance as such officers may approve, together with such changes and amendments to any of the terms and conditions thereof as such officers may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such officers to constitute evidence of such approval, (ii) negotiate, execute, deliver, and/or file, in the name and on behalf of the Company, any and all agreements, documents, certificates, consents, filings, and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such officers deem appropriate or advisable in connection therewith, and (iii) do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby; and

RESOLVED, that any and all past actions heretofore taken by any Authorized Person of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved;  .

IN WITNESS WHEREOF, I have set my hand this 25th day of October , 2009.

By: _Thomas L. Fairfield_

Thomas L. Fairfield
President

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------x
                                         :
In re                                    :    Chapter 11 Case No.
                                         :
CAPMARK CAPITAL INC.,                    :
                                         :    09-_____ ( )
        Debtor.                          :
                                         :
---------------------------------------------------------x
```

## DECLARATION REGARDING CONSOLIDATED LIST OF
## CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

I, the undersigned authorized officer of Capmark Capital Inc., named as the

debtor in this case, declare under penalty of perjury that I have reviewed the Consolidated List of

Creditors Holding 30 Largest Unsecured Claims submitted with the petition documents of

Summit Crest Ventures, LLC and that it is true and correct to the best of my information and

belief.

Dated: October 25 , 2009
       Wilmington, Delaware

By: _____
       Thomas L. Fairfield
       President

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
*In re* :     **Chapter 11 Case No.**
: 
**CAPMARK CAPITAL INC.,** : 
:     09-_____ ( )
     **Debtor.** : 
: 
---------------------------------------------------------------x

## LIST OF EQUITY SECURITY HOLDERS

The following lists the equity security holders of Capmark Capital Inc., the debtor

and debtor in possession in the above-captioned case, as of the date hereof. This list is being

filed pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.

| Equity Security Holder | Address | City | State | Zip | Percentage of Shares |
|---|---|---|---|---|---|
| Capmark Financial Group Inc. | 116 Welsh Road | Horsham | Pennsylvania | 19044 | 100% |

Dated: October 25 , 2009
      Wilmington, Delaware

By: _Thomas L. Fairfield_
          Thomas L. Fairfield
          President

NY3 3023002.17

```
-------------------------------------------------x
                                                 :
In re                                            :    Chapter 11 Case No.
                                                 :
CAPMARK CAPITAL INC.,                            :
                                                 :    09-_____ ( )
        Debtor.                                  :
                                                 :
-------------------------------------------------x
```

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO
## FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(1) AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy

Procedure and to enable the Judges to evaluate possible disqualification or recusal, on behalf of

Capmark Capital Inc. ("CCI"), the undersigned certifies that the following entities directly or

indirectly own 10% or more of any class of CCI's equity interests:

- **Capmark Financial Group Inc.**[1]

Dated: October 26, 2009
       Wilmington, Delaware

                           By:     _Thomas L. Fairfield_
                                   Thomas L. Fairfield
                                   President

---

[1] The equity security holders of Capmark Financial Group Inc. ("CFGI") include GMACCH Investor LLC, which holds approximately 75.4% of the common stock of CFGI, GMAC Mortgage Group LLC, which holds approximately 21.3% of the common stock of CFGI, and certain employees and directors of CFGI, which collectively hold approximately 3.3% of the common stock of CFGI. GMACCH Investor LLC is owned by certain affiliates of Kohlberg Kravis Roberts & Co. L.P., Five Mile Capital Partners LLC, Goldman Sachs Capital Partners and Dune Capital Management LP. GMAC Mortgage Group LLC is wholly owned by GMAC LLC.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
CAPMARK CAPITAL INC.,                           :
                                                :    09-_____ ( )
              Debtor.                           :
                                                :
------------------------------------------------x
```

## DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT

I, the undersigned authorized officer of Capmark Capital Inc., named as the debtor in this case, declare under penalty of perjury that I have reviewed the Corporate Ownership Statement of Capmark Capital Inc., submitted herewith and that it is true and correct to the best of my information and belief.

Dated: October 25 , 2009
Wilmington, Delaware

By: _____

Thomas L. Fairfield
President